```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

HARLON SUMMERFORD,              §
TDCJ-CID NO. 772558,            §
                                §
          Petitioner,           §
                                §     CIVIL ACTION NO. H-08-2490
v.                              §
                                §
NATHANIEL QUARTERMAN,           §
                                §
          Respondent.           §

**MEMORANDUM OPINION AND ORDER**

TDCJ-CID inmate Harlon Summerford has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a decision by the Texas Board of Pardons and Paroles. Summerford is serving an 18-year sentence for aggravated sexual assault. His petition concerns a parole proceeding in which he was not granted a release. See Docket Entry No. 1 at 2. Summerford claims that he was denied due process when the panel failed to follow the guidelines in reviewing his parole application. Id. at 7. This petition will be dismissed because it has no legal support.

It is well established that convicted prisoners do not have a constitutional right to be released prior to the expiration of their sentences. Wottlin v. Fleming, 136 F.3d 1032, 1037 (5th Cir. 1998), citing Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 99 S.Ct. 2100, 2103 (1979). Under Texas law the Parole Board may order a release on parole only if it

determines that the release will not present a risk of harm to the public and that the release is in the public's best interest. See TEX. GOVT. CODE ANN. § 508.141 (Vernon 2004). Moreover, the decision to deny parole to an eligible inmate is entirely within a state parole panel's discretion, and the decision is not subject to judicial review. Id. See also Ceballos v. State, 246 S.W.3d 369, 351 (Tex. App. Austin 2008, pet. ref'd) (executive branch alone has the authority to impose parole conditions). The Texas parole statutes do not create a due process liberty interest in parole release, and parole denials do not implicate the due process clause. Johnson v. Rodriquez, 110 F.3d 299, 305, 308-09 (5th Cir. 1997); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995).

Federal courts are authorized to dismiss federal habeas petitions without ordering a response if it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Summerford's habeas petition will be dismissed because it lacks an arguable legal basis. See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998); Newby v. Johnson, 81 F.3d 567, 568-69 (5th Cir. 1996).

The court will deny issuance of a certificate of appealability in this action. For the reasons stated in this Memorandum Opinion and Order, the petitioner has failed to demonstrate that the issues are subject to debate among jurists of reason. See Newby, 81 F.3d at 569, citing Barefoot v. Estelle, 103 S.Ct. 3383, 3394-95 (1983).

## Conclusion

The court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. A certificate of appealability is **DENIED**.

3. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and will provide a copy of the petition and this Order to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 21st day of August, 2008.

```
                    SIM LAKE
           UNITED STATES DISTRICT JUDGE
```